IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| BARRY N. ODEGAARD, | ) | CV. NO. 10-00104 DAE-KSC |
| | ) | CR. NO. 06-00178 DAE |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO
VACATE, SET ASIDE, OR RESENTENCE PURSUANT TO 28 U.S.C. § 2255

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Petitioner's motion and the supporting and opposing memoranda, the Court **DENIES** without prejudice Petitioner's Motion to Vacate, Set Aside, or Resentence Pursuant to 28 U.S.C. § 2255.  (Odegaard v. United States ("Odegaard II"), Cv. No. 10-00104, Doc. # 1; United States v. Odegaard ("Odegaard I"), Cr. No. 06-00178, Doc. # 87.)

BACKGROUND

On March 29, 2006, the Government obtained a fifteen-count sealed indictment that charged Barry N. Odegaard ("Petitioner") with ten counts of illegally distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and five counts of Medicaid fraud, in violation of 18 U.S.C. § 1347.  (Odegaard I,

Doc. # 1.)  On March 29, 2007, the Government obtained a first superseding indictment that added two more charges alleging violations of 21 U.S.C. § 841(a)(1) (id., Doc. # 32), and on May 7, 2008, the Government obtained a second superseding indictment, adding yet another charge alleging violation of 21 U.S.C. § 841(a)(1) (id., Doc. # 59).  Petitioner pled not guilty to the charges each time he was arraigned.  (Id., Docs. ## 5, 36, 71.)

On April 3, 2006, following the original indictment, government agents executed an arrest warrant for Petitioner and a search warrant on his business premises.  Agents arrested Petitioner, seized his patient files, and obtained a statement from him.  In his statement, Petitioner initially denied, but later admitted to, improperly accepting a cash "tip" from a patient after giving the patient a prescription.  On February 6, 2007, Petitioner filed a motion to suppress his statement, asserting that government agents violated his right to counsel under the Fifth and Sixth Amendments when they obtained the statement.  (Id., Doc. # 21.)

On May 4, 2007, the Court conducted a suppression hearing, at which opposing parties offered drastically different testimony as to how the April 3, 2006, statement was obtained.  (Id., Doc. # 39.)  The Government argued that Petitioner waived his right to counsel under both the Fifth and Sixth Amendments prior to

being interrogated.  The Government submitted copies of waiver forms executed by the Petitioner and presented testimony by Federal Drug Enforcement Administration ("DEA") agents who interrogated him.  DEA Agent Palomo asserted that, although Petitioner asked whether he needed an attorney to review the waiver of rights form, he signed the form without further hesitation after reviewing the document.  (Id., Doc. # 24, Palomo Decl. at 3.)  Further, Agent Palomo averred that Petitioner "spoke freely and without hesitation or reluctance," and that "[a]t no time did [Petitioner] request an attorney."  (Id.)

In contrast, Petitioner declared that he was interrogated after DEA agents refused to honor no less than three separate requests to consult with counsel.  (Id., Doc. # 181 at 8.)  In support of his motion to suppress, Petitioner submitted a declaration from Evan Shirley, an attorney who has represented Petitioner in the past, that described Mr. Shirley's unsuccessful efforts to contact and advise Petitioner on April 3, 2006.  (Id. at 11.)

On May 7, 2007, the Court ruled that Petitioner's version of what occurred on April 3, 2006, was not credible, finding that there were "a number of inconsistencies" in his assertions about what had occurred.  (Id., Doc. # 40.)

On May 29, 2008, trial commenced on the second superseding indictment, which contained eighteen counts against Petitioner.  Counts 1 through

13 charged Petitioner with violating 21 U.S.C. § 841(a)(1) by prescribing various amounts of a Schedule II controlled substance "outside the course of his medical practice and without legitimate medical purpose." (Id., Doc. # 59.) Count 6 was predicated on a methadone prescription, while the other distribution counts were predicated on oxycodone prescriptions. (Id.) Counts 1 and 6 also alleged that the use of the prescribed drugs resulted in death. (Id.) Counts 14 through 18 alleged that Petitioner committed Medicaid fraud, in violation of 18 U.S.C. § 1347. (Id.) At trial, Petitioner was represented by Birney B. Bervar, Esq.

   Near the midpoint of the trial, the Government moved to dismiss the Medicaid charges against the Petitioner, i.e. Counts 14 through 18. (Id., Doc. # 92.) The motion was granted, and the Medicaid charges were dismissed. (Id.) Regarding Counts 1 and 6, the Government introduced evidence to suggest that the overprescription of medication resulted in the death of two particular patients, Mr. Ledgerwood and Mr. Dan. The Government also sought to introduce into evidence numerous photographs of the corpses and scenes of death of the two patients. (Id. at 17.) The Court granted Petitioner's motion to strike the photographs from evidence, and they were never shown to the jury. (Id.) Furthermore, the Court instructed the jurors as follows with regards to Counts 1 and 6:

> There is one further matter I want to alert you to because you have heard some testimony about it and you will not be deciding on that matter. In Count 1, dealing with Mr. Ledgerwood, and Count 6, dealing with Mr. Dan, there was an allegation that the overprescription of medication as alleged by the government was the cause of their death. That issue will not be before you in this trial. The only thing you will be determining in those two counts as well as the remaining counts of the indictment will be dealing with the alleged overprescription of these controlled substances. Okay? And you are not to speculate as to why it's not there. It just isn't there. All right? And so you won't be hearing any arguments on it, I wanted to tell you now, so you don't get confused when you hear argument tomorrow, okay?

(Id., Doc. # 161 at 93.)

The jury deliberated for approximately four days. The jury acquitted Petitioner on eight counts, including Counts 1 and 6 in which the Government alleged the overprescription of drugs resulted in death. (Id., Doc. # 106.) The jury convicted Petitioner on Counts 8 and 9 and 11-13. (Id.)

On October 10, 2008, the Court sentenced Petitioner. (Id., Doc. # 118.) As recommended by the presentence report and without objection from Petitioner, the Court determined that, under the United States Sentencing Guidelines, Petitioner's offense level was 28, his criminal history category was I, and that the advisory guideline range was 78-97 months. (Id.) The Court allowed Petitioner to allocute, and Petitioner argued for a 12-month sentence of

imprisonment. (Id., Doc. # 168.) This Court explained its reasons for rejecting Petitioner's arguments for a 12-month sentence, discussing the factors set forth in 18 U.S.C. § 3553(a), and imposed a below-guideline, 60-month sentence of imprisonment. (Id.) The Court also sentenced Petitioner to serve a three-year term of supervised release and to pay a $12,500 fine. (Id., Doc. # 118.) Petitioner did not object to the sentence nor the manner in which the Court determined the sentence. The Court filed a written judgment on October 17, 2008, which it amended on November 18, 2008, to remove the designation "M.D." from the caption after Petitioner's name. (Id., Doc. # 145.)

On October 20, 2008, Petitioner filed a Notice of Appeal. On February 5, 2009, Federal Public Defender for Petitioner filed a motion to withdraw as counsel and submitted a brief for review pursuant to Anders v. California, 368 U.S. 738 (1967), that asserted counsel's belief that after conscientiously reviewing the record, Petitioner's appeal appeared to be frivolous and that there were no issues to appeal. On March 26, 2009, the Ninth Circuit referred the Federal Public Defender's Anders Brief and motion to withdraw as counsel to the Ninth Circuit panel assigned to hear the merits of Petitioner's appeal. (Doc. # 178.) The Ninth Circuit Court of Appeals further allowed Petitioner to file a pro se supplement opening brief by May 6, 2009, and ordered

the Government to file an answering brief or notify the Court that it would not be filing an answering brief by June 5, 2009. (Id.) No pro se opening brief was ever filed. On June 5, 2009, the Government informed the Court of Appeals that it would not be submitting an answering brief.

On February 25, 2010, Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence alleging ineffective assistance of counsel in addition to other imprecise challenges to his conviction and sentence. (Doc. # 181.) At the time of this Order, Petitioner's appeal is still pending with the United States Court of Appeals for the Ninth Circuit, United States v. Odegaard, Case No. 08-10462.

## DISCUSSION

A motion pursuant to 28 U.S.C. § 2255 should not be entertained if there is a pending appeal in good standing because disposition of the appeal may render the motion unnecessary. Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir. 1987) (citing Black v. United States, 269 F.2d 38, 41 (9th Cir. 1959)). The district court "will not review a section 2255 motion until the direct appeal is resolved." United States v. LaFromboise, 427 F.3d 680, 686 (9th Cir. 2005) (citing United States v. Pirro, 104 F.3d 297, 298 (9th Cir. 1997)). However, "[t]here is some dispute whether this rule reflects a jurisdictional bar or simply a prudential concern." LaFromboise, 427 F.3d at 686 n.9 (comparing Feldman, 815 F.2d at

1323 (dismissing defendant's premature habeas petition "because the district court lacked subject matter jurisdiction to entertain [the] petition") with Pirro, 104 F.3d at 299 (noting that this rule was created "for reasons of judicial economy") and Rules Governing § 2255 Proceedings for the United States District Courts, Rule 5, Adv. Comm. Notes ("We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.")).

    Even construing his motion liberally, Petitioner has not presented any extraordinary circumstances compelling this Court to address his § 2255 motion during the pendency of his appeal.  As such, this Court concludes that Petitioner's Motion to Vacate, Set Aside, or Resentence pursuant to 28 U.S.C. § 2255 is premature because Petitioner's appeal of his conviction is still pending in the Ninth Circuit.  Indeed, many of the issues raised by Petitioner in his Motion to Vacate, Set Aside or Resentence are identical to those that appear in briefings submitted on appeal.  Petitioner has not exhausted appellate review as is required prior to filing for habeas relief in the district court.  See LaFromboise, 427 F.3d at 686.  Moreover, dismissal of this premature § 2255 motion without prejudice will not prevent Petitioner from pursuing relief under § 2255 after appeal proceedings are

completed. See LaFromboise, 427 F.3d at 686 at n.10 (stating that "[i]n light of the procedural posture" of the case, any subsequent § 2255 motion filed would not be considered a successive motion). Accordingly, the Court **DENIES** without prejudice Petitioner's Motion to Vacate, Set Aside, or Resentence Pursuant to 28 U.S.C. § 2255.

## CONCLUSION

For the reasons stated above, the Court **DENIES** without prejudice Petitioner's Motion to Vacate, Set Aside, or Resentence Pursuant to 28 U.S.C. § 2255.  (Odegaard v. United States, Cv. No. 10-00104, Doc. # 1; United States v. Odegaard, Cr. No. 06-00178, Doc. # 87.)

A dismissal of a petition without prejudice because it is premature does not involve a substantial showing of the denial of a constitutional right or raise an issue that is debatable among jurists of reason.  Therefore, a certificate of

appealability is DENIED.  See 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 14, 2010.



_____
David Alan Ezra
United States District Judge

Odegaard v. United States, CV. No. 10-00104 DAE-KSC, CR. No. 06-00178 DAE; ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO VACATE, SET ASIDE, OR RESENTENCE PURSUANT TO 28 U.S.C. § 2255